IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| **REIDAR CARROLL ARDEN** *Plaintiff* | : : : | CIVIL ACTION |
| | : | NO. 13-3657 |
| v. | : : | |
| **UNITED STATES OF AMERICA** *Defendant* | : : | |

NITZA I. QUIÑONES ALEJANDRO, J.                                   June 27, 2014

## MEMORANDUM OPINION

### INTRODUCTION

Plaintiff, Reidar Carroll Arden ("Plaintiff"), acting *pro se,* brought this action against the United States of America ("Defendant") challenging the decision of the Executive Office for United States Attorneys ("Executive Office" or "Agency") to withhold certain information under the Freedom of Information Act ("FOIA"), 5 U.S.C. §552. [ECF 6]. Specifically, in the complaint, Plaintiff contests the Agency's redaction of the names of witnesses who testified in his criminal trial in the documents produced in response to his FOIA requests and, further, seeks the records of investigative interview notes from his earlier criminal prosecution as well as the names and addresses of the investigative agents involved who worked for the Federal Bureau of Investigation ("FBI").

Presently, before this Court is Defendant's motion to dismiss the complaint for lack of subject matter jurisdiction and/or for summary judgment under Federal Rules of Civil Procedure (Rules) 12 and 56, respectively. [ECF 10]. Plaintiff opposes the motion. [ECF 12]. For the reasons stated herein, Defendant's motion is granted.

**FACTUAL AND PROCEDURAL BACKGROUND**

In 2008, Plaintiff was convicted of fraud and money laundering offenses. *See United States v. Arden*, 2009 WL 1971392, *1 (E.D. Pa. July 7, 2008). After the district court denied Plaintiff's motion to vacate his conviction, Plaintiff appealed to the United States Third Circuit Court of Appeals, which affirmed his conviction and sentence of 96 months. *See United States v. Arden*, 433 F. App'x 127, 133 (3d Cir. 2011).

By letter dated February 28, 2012, Plaintiff submitted a FOIA request to the Executive Office for the United States Attorneys, a component of the Department of Justice, for the production of financial reimbursement records for witnesses and prosecutors who were involved in his criminal prosecution. Specifically, Plaintiff requested the production of the following information:

> 1. Amount of money paid to each witness.
> 2. Cost of hotel and how many nights each witness stayed in Philadelphia, cost of room service and/or meals paid for each witness, cost of ground transportation for each witness.
> 3. Name and address of hotel where each witness was housed and dates of each of their stays.
> 4. Name of airline and cost paid for airfare for each witness to fly to Philadelphia.
> 5. Any other benefits each witness received for themselves or any friend or family member.
> 6. Complete cost of airfare, hotels, meals, ground transportation, airline name, hotel names, dates of stay, for all trips taken by any AUSA to another state to meet with each witness.

After reviewing the FOIA request and the access provisions of the Privacy Act, later deemed not applicable, the Executive Office produced two documents: one in full and a second one with the redaction of the witnesses' full names. The information included in the released documents provided Plaintiff the complete costs of the airfare, hotels, parking, car rentals, taxis, and dates of travel for the trips taken by Assistant United States Attorneys during the criminal

2

prosecution, as well as the names of the hotels where the attorneys stayed, the costs of the hotel, and the names of the airlines. The Executive Office also provided Plaintiff the dates of overnight stays and the costs of airfare, hotels, and other benefits for witnesses at Plaintiff's trial, with an explanation that each witness would have received a witness fee of $40 a day and a per diem of $64 per day, but that the supporting documentation of this specific information was in the possession of a different agency, *i.e.*, the U.S. Marshall's Service. Although the Executive Office released all of the financial information requested, it declined to release the names of witnesses pursuant to the FOIA exemption (7)(C). *See* 28 U.S.C. §552(b)(7)(C) ("Exemption 7(C)").

Plaintiff appealed the Agency's decision to withhold the names of the witnesses to the Department of Justice's Office of Information Policy. In the administrative appeal, Plaintiff challenged the Agency's withholding of the witnesses' names; and requested additional records, to *wit*: records that reflect the length of time that each witness met with Assistant United States Attorneys, the dates and times when his ex-wife, Kimberly Cox, met with FBI agents, and whether any of the witnesses had their "restitution" or "court fine[s]" reduced in any way. (*See* Plaintiff's FOIA Appeal, at pp. 1-2 (Exhibit 8)).[1]

On December 13, 2012, the Office of Information Policy affirmed the Executive Office's decision, and agreed that Exemption 7(C) applied to the requested witnesses' names, as did the FOIA exemption in 5 U.S.C. §552(b)(6) ("Exemption 6"). *See* Decision Letter on Appeal (Exhibit 10). In its affirmance, the Office of Information Policy declined to consider Plaintiff's new requests for "various additional records that [he] did not originally request," stating that Plaintiff "may not on appeal expand the scope of [his] initial request." (*Id.* at p. 2).

---

[1] Plaintiff's complaint in this matter also includes these supplemental requests, as well as additional requests for the names and addresses of FBI agents and witnesses.

3

On May 8, 2013, Plaintiff commenced this action in the United States District Court for the Western District of Texas pursuant to 5 U.S.C. §552(a)(4)(B), to challenge the Agency's FOIA decision. For the convenience of the parties and witnesses, said District Court *sua sponte* transferred the action to this Court.

**LEGAL STANDARD**

A motion to dismiss under Rule 12(b)(1) challenges the existence of subject matter jurisdiction. As the party invoking this Court's jurisdiction, Plaintiff bears the burden of proving that the requisite jurisdictional requirements are met. *Development Fin. Corp. v. Alpha Housing & Health Care, Inc.*, 54 F.3d 156, 158 (3d Cir. 1995); *Packard v. Provident Nat'l Bank*, 994 F.2d 1039, 1045 (3d Cir. 1993). "[W]hen there is a fact question about whether a court has jurisdiction, the trial court may examine facts outside the pleadings . . . '[b]ecause at issue in a factual 12(b)(1) motion is the trial court's jurisdiction – its very power to hear the case.'" *Robinson v. Dalton*, 107 F.3d 1018, 1021 (3d Cir. 1997) (quoting *Mortensen v. First Fed. Sav. & Loan Ass'n*, 549 F.2d 884, 891 (3d Cir. 1977)). Therefore, this Court is free to consider evidence outside the pleadings to resolve factual issues bearing on the jurisdictional issue. *See Gotha v. United States*, 115 F.3d 176, 179 (3d Cir. 1997).

Rule 56(a) provides that the court shall grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law." A fact is "material" if proof of its existence or non-existence might affect the outcome of the litigation, and a dispute is "genuine" if "the evidence is such that a reasonable jury could return a verdict for the nonmoving party." *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248 (1986).

A motion for summary judgment is the primary avenue for resolving FOIA disputes. *See Lewis v. U.S. E.P.A.*, 2006 WL 3227787, at *2 (E.D. Pa. 2006); *Lee v. U.S. Department of Justice*, 235 F.R.D. 274, 282 (W.D. Pa. 2006). In these cases, a district court must perform a *de novo* review of a government agency's decision to withhold information under FOIA. *Davin v. U.S. Department of Justice*, 60 F.3d 1043, 1049 (3d Cir. 1995); 5 U.S.C. §552(a)(4)(B). Hence, the government bears the ultimate burden of demonstrating that the withheld information is exempt from disclosure under one or more of the nine statutory exemptions. *See Davin*, 60 F.3d at 1049; 5 U.S.C. §552(a)(4)(B). Because the governmental agency controls access to the documents at issue, the person requesting the information and the court must rely on the agency's representations in order to understand why the material and/or information was withheld. *McDonnell v. United States*, 4 F.3d 1227, 1241 (3d Cir. 1993). As such, summary judgment in the agency's favor is appropriate when the agency's "explanation was full and specific enough to afford the FOIA requester a meaningful opportunity to contest, and the district court an adequate foundation to review, the soundness of the withholding." *Id.* at 1242.

Ordinarily, when a government claims a FOIA exemption, it submits what is known as a *Vaughn* index[2] describing the withheld documents and/or information. *See Vaughn v. Rosen*, 484 F.2d 820, 826-828 (D.C. Cir. 1973); *Davin*, 60 F.3d at 1049-1050. However, where the government submits an affidavit that is sufficient to establish that the requested information is exempt from disclosure, a *Vaughn* index is not required. *See Pipko v. C.I.A.*, 312 F.Supp.2d 669, 680 (D. N.J. 2004). To prevail on a motion for summary judgment, the agency's affidavits must "describe the withheld information and the justification for withholding with reasonable

---

[2] The "Vaughn index" is derived from *Vaughn v. Rosen*, 484 F.2d 820, 826-28 (D.C. Cir. 1973), *cert. denied*, 414 U.S. 977 (1974), and consists of a comprehensive and detailed listing of documents withheld by governmental agencies pursuant to FOIA's statutory exemptions. *See Abdelfattah v. U.S. Dep't of Homeland Security*, 488 F.3d 178, 183, n. 3 (3d Cir. 2007).

specificity, demonstrating a logical connection between the information and the claimed exemption" and must not be "controverted by either contrary evidence in the record or by evidence of agency bad faith." *Davin*, 60 F.3d at 1050. A court may award summary judgment "on the basis of agency affidavits alone where the affidavits are sufficiently detailed and in good faith." *Manna v. U.S. Dep't of Justice*, 832 F.Supp. 866, 870 (D. N.J. 1993); *see also Amro v. U.S. Customs Serv.*, 128 F.Supp.2d 776, 782 (E.D. Pa. 2001) ("The affidavits must be detailed, nonconclusory, and in good faith.").

## DISCUSSION

In its motion, Defendant seeks the partial dismissal of Plaintiff's complaint for failure to exhaust administrative remedies and the entry of summary judgment. These contentions will be addressed separately.

### *Exhaustion of Administrative Remedies*

In its motion, Defendant seeks the partial dismissal of Plaintiff's complaint for failure to exhaust administrative remedies. Defendant argues that Plaintiff failed to exhaust the administrative process with regard to various FOIA requests that were not part of his initial FOIA application but, rather, were made for the first time during the administrative appeal process. Before a plaintiff may seek relief from a district court for an executive agency's denial of a FOIA request, a plaintiff must first exhaust his administrative remedies. *McDonnell*, 4 F.3d at 1240 (holding that district court correctly declined to exercise subject matter jurisdiction where plaintiff failed to exhaust administrative remedies prior to filing suit); *Pellegrino v. U.S. Transp. Sec. Admin.*, 855 F.Supp.2d 343, 365 (E.D. Pa. 2012); *Berg v. Barack Obama*, 574 F.Supp.2d 509, 527 (E.D. Pa. 2008); 5 U.S.C. §552(a)(6)(A)(i). Under FOIA, this requires a plaintiff to first file a request with the requisite executive agency and then fully exhaust

administrative appeals before commencing an action in federal court. *Id.*; *see also Sindram v. Fox*, 374 F. App'x 302, 304 (3d Cir. 2010) (affirming dismissal of FOIA action for failure to exhaust administrative remedies).

As stated, in his initial FOIA request, Plaintiff sought financial reimbursement records for witnesses and the government prosecutors involved in his criminal proceeding. However, in the appeal of the Agency's response to the FOIA request, Plaintiff expanded the scope of his requests to include a request for other documents reflecting the dates and length of time each witness met with Assistant United States Attorneys and the FBI, and whether any of the witnesses had their "restitution" or "court fine[s]" mitigated in any way. Because this supplemental request was not made to the Agency or included in his initial FOIA request, this specific request has not been administratively exhausted. *See Lee v. U.S. Dep't of Justice*, 235 F.R.D. 274, 284 (W.D. Pa. 2006) (finding plaintiff had failed to administratively exhaust his claim as to supplemental requests not made in original FOIA application). Indeed, in his response, Plaintiff "concedes that he didn't exhaust the remedies . . . ." (Plaintiff's Response at p. 3). Consequently, Defendant's motion to dismiss is granted as to Plaintiff's supplemental FOIA request.

*Application of FOIA Exemptions*

Generally, FOIA requires any "agency," upon "any request," to make records "promptly available to any person." 5 U.S.C. §552(a)(3)(A). Because "[p]ublic access to government information is not . . . all encompassing," however, FOIA "exempt[s] nine categories of documents from [its] broad disclosure requirements." *Sheet Metal Workers Int'l Ass'n, Local Union No. 19 v. United States Dep't of Veterans Affairs*, 135 F.3d 891, 897 (3d Cir. 1998); *see also* 5 U.S.C. §552(b). These statutory exemptions are exclusive and must be narrowly

7

construed. *Dep't of Air Force v. Rose*, 425 U.S. 352, 361 (1976). However, an entire document is not exempt where merely a portion of the document falls within an exemption. *Vaughn*, 484 F.2d at 825. Rather, "[a]ny reasonably segregable, non-exempt portion of a record is to be made available to the person requesting that record." *Lame v. U.S. Dep't of Justice*, 654 F.2d 917, 921 (3d Cir. 1981). If an agency fails to comply with its disclosure obligations, the requester may file an action in district court to compel disclosure. 5 U.S.C. §552(a)(4)(B), (6)(C).

As stated, in order for an agency to prevail on a motion for summary judgment in a FOIA action, it must satisfy its burden of showing that its search was reasonable and that any withheld document or information falls within a statutory exemption. *See Abdelfattah*, 488 F.3d at 182; 5 U.S.C. §552(a)(4)(B). "The relevant inquiry is not 'whether there might exist any other documents possibly responsive to the request, but rather whether the search for those documents was adequate.'" *Abdelfattah*, 488 F.3d at 182 (citations omitted). An agency may satisfy its burden with affidavits that describe the material withheld and why that material falls under a particular exemption. *McDonnell*, 4 F.3d at 1241. Because the agency is the custodian of the records with responsibility for conducting the search, a reviewing court may rely on "[a] reasonably detailed affidavit, setting forth the search terms and the type of search performed, and averring that all files likely to contain responsive materials (if such records exist) were searched." *Valencia-Lucena v. U.S. Coast Guard*, 180 F.3d 321, 326 (D.C. Cir. 1999); *see also Abdelfattah*, 488 F.3d at 182.

In the complaint, Plaintiff challenges the Agency's redaction of the identities of witnesses, who testified during his criminal proceeding, from the documents produced to him in response to his FOIA requests. In support of the motion for summary judgment and the Agency's decision to withhold the names of these witnesses, Defendant submitted a *Vaughn*

index and the declarations of David Luczynski and Susan Falken, which set forth the steps taken to identify and locate documents responsive to the FOIA requests, as well as the statutory basis for the Agency's redactions.[3]

Specifically, the Agency relied upon Exemptions 6 and 7(C) for its withholding of the identities of witnesses. Because this Court concludes that the Agency properly withheld the names of witnesses under Exemption 7(C), this Court need not (nor will it) address the potential application of Exemption 6. *See U.S. Dep't of Justice v. Reporters Comm. for Freedom of the Press*, 489 U.S. 749, 762 n. 12 (1989) (declining to address application of other FOIA exemptions after concluding information was properly withheld under exemption 7(C)); *Cozen O'Connor v. U.S. Dep't of Treasury*, 570 F. Supp.2d 749, 772 (E.D. Pa. 2008) ("[W]here at least one exemption covers a document, it is unnecessary to consider whether the other asserted exemptions apply."); *Wolk v. United States*, 2005 WL 465382, at *3 (E.D. Pa. Feb. 28, 2005).

FOIA's Exemption 7(C) exempts from mandatory disclosure or production "records or information compiled for law enforcement purposes, but only to the extent that the production of such law enforcement records or information . . . could reasonably be expected to constitute an unwarranted invasion of personal privacy." 5 U.S.C. §552(b)(7)(C). Plaintiff does not dispute that the documents and information that he sought were compiled for law enforcement purposes. Since Plaintiff specifically requested documents relating to his criminal prosecution, the first prerequisite of Exemption 7(C) is met here.

---

[3] Notably, Plaintiff does not challenge the reasonableness of the Agency's search for documents responsive to his FOIA requests. Notwithstanding, this Court finds that the Agency's search, as described by Susan Falken's declaration, was adequate and reasonable. In her declaration, Ms. Falken described the process by which she identified likely depositories of the requested information and obtained the responsive information. Plaintiff has offered no evidence to the contrary regarding the Agency's search or the good faith basis of the Agency's representations. *Cf. SafeCard Servs., Inc. v. S.E.C.*, 926 F.2d 1197, 1201 (D.C. Cir. 1991) ("Agency affidavits are accorded a presumption of good faith, which cannot be rebutted by 'purely speculative claims about the existence and discoverability of other documents.'"). Therefore, this Court finds that the Agency's search was adequate and reasonable.

"In determining whether the privacy exemption of 7(C) is appropriately invoked, the court must engage in a *de novo* balancing test: weighing the public benefit which would result from disclosure against the privacy interest and the extent to which it is invaded." *Cuccaro v. Secretary of Labor*, 770 F.2d 355, 359 (3d Cir. 1985); *see also Reporters Comm.*, 489 U.S. at 776 ("[A] court must balance the public interest in disclosure against the interest Congress intended the Exemption to protect."); *Davin*, 60 F.3d at 1058. To prevail, a requester must show that the asserted public interest is "significant and compelling . . . ." *Perrone v. F.B.I.*, 908 F.Supp. 24, 27 (D. D.C. 1995). "[A] requester's need, however, significant, does not warrant disclosure in the face of a plainly applicable exemption." *Burge v. Eastburn*, 934 F.2d 577, 580 (5th Cir. 1991).

Courts in our Third Circuit have recognized that "individuals involved in a criminal investigation – including suspects, witnesses, interviewees, and investigators – possess privacy interests, cognizable under exemption 7(C), in not having their names revealed in connection with disclosure of the fact and subject matter of the investigation." *Landano v. U.S. Dep't of Justice*, 956 F.2d 422, 426 (3d Cir. 1992), *vacated in part on other grounds*, 508 U.S. 165 (1993); *see also McDonnell*, 4 F.3d at 1255; *Manna v. U.S. Dep't of Justice*, 51 F.3d 1158, 1166 (3d Cir. 1995). Disclosure of the names of such individuals could "result in embarrassment and harassment." *McDonnell*, 4 F.3d 1255.

In *Reporters Committee*, the Supreme Court broadly interpreted the scope of a person's right to privacy under exemption 7(C) to include "the individual's control of information concerning his or her person," even where some of that information was available in the public domain. *Id.* at 763-64, 776. The Court "also recognized the privacy interest in keeping personal facts away from the public eye." *Id.* at 769. The fact that a requestor might be able to determine

the individuals' identities by other means, or that their identities have been disclosed elsewhere, does not diminish their privacy interests. *See id.* at 763-64 (holding that private individuals retained privacy interests in requested documents despite the information being available in other public records); *Burge*, 934 F.2d at 579 (holding that witnesses who testified at criminal trial retained their privacy interest in statements made to investigators cognizable under Exemption 7(C)).

In this case, pursuant to Exemption 7(C), the Agency withheld the names of individuals who met with the Assistant United States Attorneys prior to trial and later testified in Plaintiff's criminal trial. In its supporting declarations, Defendant stated that the identities of these third-party individuals was withheld because the release of such information "could result in unwanted efforts to gain further access to such persons or to personal information about them – or subject them to harassment, harm, or exposure to unwanted and/or derogatory publicity and inferences – all to their detriment." (Luczynski Declaration at ¶18). Consistent with the case law cited, this Court finds that these individuals all have a viable privacy interest in not having their identities revealed.

Having found a valid privacy interest, this Court must next determine whether that privacy interest is outweighed by some viable public interest. Neither in his complaint nor in his opposition papers does Plaintiff offer any public interest for the disclosure of the names of the witnesses. Rather, Plaintiff merely contends that he personally needs the information for a future "civil case for damages against the government and to overturn his criminal conviction." (Plaintiff's Opposition at p. 3) (*see also* Complaint at ¶4). Plaintiff's stated personal interest in obtaining the redacted names does not constitute a viable public interest. *See Hale v. U.S. Dep't*

11

*of* Justice, 973 F.2d 894, 901 (10th Cir. 1992), *vacated on other grounds*, 509 U.S. 918 (1993); *Manna v. U.S. Dep't of Justice*, 815 F. Supp. 798, 809 (D. N.J. 1993).

Under Exemption 7(C), the only relevant public interest "is one that focuses on 'the citizens' right to be informed about what their government is up to.'" *Davis v. U.S. Dep't of Justice*, 968 F.2d 1276, 1282 (D.C. Cir. 1992) (quoting *Reporters Comm.*, 489 U.S. at 773)). "Only when the information requested reflects directly upon the way that the agency conducts business has the requester placed something on the public interest side of the balancing equation" *Landano*, 956 F.2d at 430. Plaintiff points to no valid public interest that would be served by disclosure of this information. Disclosing the names of the witnesses who testified in Plaintiff's criminal trial does not inform the public how the Agency conducts business. This is particularly true here where the Agency has disclosed other information requested by Plaintiff, *i.e.*, financial reimbursement information for trial witnesses and Assistant United States Attorneys.

After a careful review of the *Vaughn* index and the government's supporting declarations, this Court concludes that the Agency properly redacted the information on the documents at issue to avoid disclosure of private third-party information and to prevent an unwarranted invasion of those persons' viable privacy interests. Because Plaintiff has failed to identify any viable public interest that outweighs the privacy interests involved, this Court finds that Defendant properly withheld information pertaining to the witnesses' identities under the FOIA's Exemption 7(C). Therefore, summary judgment for Defendant is granted on that issue.

**CONCLUSION**

For the reasons stated, this Court grants Defendant's motion to dismiss Plaintiff's claims based upon his FOIA requests that were not included in his initial FOIA application. Plaintiff's

claims based upon those requests are dismissed, without prejudice, for failure to exhaust administrative remedies. This Court also grants Defendant's motion for summary judgment as to those claims based upon the FOIA requests included in Plaintiff's original FOIA application because the Agency's redactions of the produced documents were proper. An Order consistent with this memorandum opinion follows.


NITZA I. QUIÑONES ALEJANDRO, U.S.D.C. J.